1                UNITED STATES DISTRICT COURT
                  DISTRICT OF MASSACHUSETTS

2

3  ------------------------------x

4  UNITED STATES OF AMERICA    :  DOCKET NUMBER 08CR10183

5         versus        :  UNITED STATES COURTHOUSE

6  MODERN CONTINENTAL CORPORATION:  BOSTON, MASSACHUSETTS

7  ------------------------------x

8
                     MAY 8, 2009
9

10                 9:00 a.m.

11

12         TRANSCRIPT OF CHANGE OF PLEA HEARING

13  BEFORE:  THE HONORABLE DOUGLAS P. WOODLOCK
              UNITED STATES DISTRICT JUDGE

14

15

16

17

18

19              OFFICIAL COURT REPORTER

20    DIANE M. MOLAS, RPR, DE & MA CSRs, AND NJ CCR
              OFFICIAL COURT REPORTER
21  UNITED STATES DISTRICT COURT - DISTRICT OF MASSACHUSETTS
               ONE COURTHOUSE WAY
22     THIRD FLOOR - COURTROOM 1 - SUITE 3200
                BOSTON, MA 02210
23         TELEPHONE: (267) 977-2909
            E-MAIL:  Dmolas1@aol.com
24

25    PROCEEDINGS REPORTED USING MACHINE STENOGRAPHY.
    TRANSCRIPT PRODUCED EMPLOYING COMPUTER-AIDED TECHNOLOGY.

1    <u>APPEARANCES</u>:

2         ATTORNEY FOR THE UNITED STATES OF AMERICA:

3              MICHAEL J. SULLIVAN, ESQUIRE
               UNITED STATES ATTORNEY
4              UNITED STATES DEPARTMENT OF JUSTICE
               UNITED STATES ATTORNEY'S OFFICE
5              DISTRICT OF MASSACHUSETTS
               ONE COURTHOUSE WAY
6              SUITE 9200
               BOSTON, MA 02210
7              TELEPHONE: (617) 748-3800; DIRECT DIAL: 617-748-3626
               E-MAIL:  Jeffrey.cohen@usdoj.gov

8
               BY:  JEFFREY MARK COHEN, ESQUIRE
9                   **ASSISTANT UNITED STATES ATTORNEY**

10
                              AND
11

12        ATTORNEY FOR THE UNITED STATES OF AMERICA:

13             MICHAEL J. SULLIVAN, ESQUIRE
               UNITED STATES ATTORNEY
14             UNITED STATES DEPARTMENT OF JUSTICE
               UNITED STATES ATTORNEY'S OFFICE
15             DISTRICT OF MASSACHUSETTS
               ONE COURTHOUSE WAY
16             SUITE 9200
               BOSTON, MA 02210
17             TELEPHONE: (617) 748-3800; DIRECT DIAL: 617-748-3100
               E-MAIL:  Anthony.fuller@usdoj.gov

18
               BY:  ANTHONY E. FULLER, ESQUIRE
19                  **ASSISTANT UNITED STATES ATTORNEY**

20

21

22

23

24

25

1  <u>APPEARANCES (CONTINUED)</u>:

2       ATTORNEY FOR THE DEFENDANT, MODERN CONTINENTAL
           CORPORATION:
3
              HINCKLEY, ALLEN, AND SNYDER, LLP
4
                   BY:  MICHAEL J. CONNOLLY, ESQUIRE
5                       RETAINED COUNSEL
                        28 STATE STREET
6                       BOSTON, MA 02109-1775
                        TELEPHONE:  617-378-4164
7                       E-MAIL:  Mconnolly@haslaw.com
                        FAX:  617-378-4165
8

9       ATTORNEY FOR THE DEFENDANT, MODERN CONTINENTAL
           CORPORATION:
10
              HINCKLEY, ALLEN, AND  SNYDER, LLP
11
                   BY:  JOEL LEWIN, ESQUIRE
12                      RETAINED COUNSEL
                        28 STATE STREET
13                      BOSTON, MA 02109-1775
                        TELEPHONE:  617-378-4164
14                      E-MAIL:  Jlewin@haslaw.com
                        FAX:  617-378-4165
15

16                             AND

17
        ATTORNEY FOR THE DEFENDANT, MODERN CONTINENTAL
18         CORPORATION:

19            HINCKLEY, ALLEN, AND SNYDER, LLP

20                 BY:  DENNIS RYAN, ESQUIRE
                        RETAINED COUNSEL
21                      28 STATE STREET
                        BOSTON, MA 02109-1775
22                      TELEPHONE:  617-345-9000
                        E-MAIL:  Dryan@haslaw.com
23

24      **ALSO PRESENT:  JOHN PASTORE**
                        CLIENT
25

1    <u>**OFFICIAL COURT REPORTER:**</u>

2         **DIANE M. MOLAS, RPR, DE & MA CSRs, and NJ CCR**
          **OFFICIAL COURT REPORTER**
3         **UNITED STATES DISTRICT COURT - DISTRICT OF MASSACHUSETTS**
          **ONE COURTHOUSE WAY**
4         **THIRD FLOOR - COURTROOM 1 - SUITE 3200**
          **BOSTON, MA 02210**
5         **TELEPHONE: (267) 977-2909**
          **E-MAIL:  Dmolas1@aol.com**

6

7

8

9

10                                   -   -   -

11

12

13

14              P R O C E E D I N G S

15                   **CHANGE OF PLEA HEARING**

16         THE DEPUTY CLERK:  All rise.

17         This Honorable Court is now session.

18         You may be seated.

19         This is the matter, <u>United States versus Modern</u>

20  <u>Continental Corporation</u>, Criminal Action 08-10183.

21         THE COURT:  Well, I understand that the defendant

22  is prepared to plead guilty to certain Counts of the

23  Indictment; is that correct?

24         MR. CONNOLLY:  That's correct, Your Honor.

25         THE COURT:  And there a Plea Agreement?

1          MR. CONNOLLY:  There's no Plea Agreement,

2  Your Honor.

3          THE COURT:  Well, there is, to the extent, I

4  gather, that there is going to be dismissal of certain Counts.

5          MR. CONNOLLY:  There is that understanding that the

6  defendant has.

7          THE COURT:  Yes.

8          Alright.

9          Mr. Fuller, is that right?

10          MR. FULLER:  That's right; in fact, I've already

11  given to Mr. Lovett the dismissal.

12          THE COURT:  And is there any other agreement?

13          MR. FULLER:  There is no other agreement,

14  Your Honor.

15          THE COURT:  So what I think I'd like to do is have

16  Mr. Lovett swear Mr. Pastore, who is the president of the

17  corporation?

18          MR. CONNOLLY:  Mr. Pastore, the president of the

19  company, is the representative, Your Honor.

20          THE COURT:  Alright.

21          MR. CONNOLLY:  Your Honor, the board has

22  authorized, both myself and Mr. Pastore, to enter the plea.

23          The board would prefer I enter the plea, but, if

24  The Court would prefer Mr. Pastore, he's available for that

25  purpose.

1          THE COURT:  Yes, I do.

2          JOHN PASTORE, after having been duly sworn, was

3     examined and testified, as follows:

4          THE COURT:  Mr. Pastore, the purpose of this

5     hearing is to satisfy me that, what appears to be, the

6     intention of the corporation which you represent to plead

7     guilty to certain Counts of the Indictment.

8          In order to make the determination, with respect to

9     that plea, at various points, I'm going to be asking you some

10    questions about the corporate understanding here.

11         Do you understand?

12         MR. PASTORE:  Yes, I do.

13         THE COURT:  Now, as I understand it from the

14    various pleadings that have been submitted here, the

15    corporation is going to be pleading guilty to Count 1.

16         There will be dismissals of Counts 2 through 6 --

17    and you can remain seated.

18         MR. PASTORE:  Okay.

19         THE COURT:  And that there will be pleas of guilty

20    to Counts 7 through 44; is that correct?

21         MR. FULLER:  That's correct, Your Honor.

22         THE COURT:  And there's been a previous dismissal,

23    in respect of Counts 45 through 49.

24         MR. FULLER:  Yes, Your Honor.

25         THE COURT:  Okay.

1          Now, you understand, on behalf of the corporation,

2    Mr. Pastore, that the corporation doesn't have to plead guilty

3    here, that, under our system of justice, the party that is

4    accused of a crime is presumed innocent, unless and until the

5    Government can prove, beyond a reasonable doubt, each

6    essential element of the offense charged against that entity.

7          You don't have to do anything, at all.

8          You can sit back, look the Government straight in

9    the eye, and say:  Prove it, and, unless and until they do,

10   the corporation can't be found guilty, unless, of course, the

11   corporation pleads guilty.

12         So, by pleading guilty, the corporation is giving

13   up the right, the so-called, presumption of innocence, it's

14   giving up the right to force the government to its proof, and

15   it's given -- giving up the right to force the Government to

16   prove each essential element against it beyond a reasonable

17   doubt.

18         Do you understand that?

19         MR. PASTORE:  Yes, I understand.

20         THE COURT:  Okay.

21         And you understand you don't have to just sit back.

22         You can challenge the Government's case.

23         Your lawyers can cross-examine the Government's

24   witnesses.

25         They can call witnesses on your behalf.

1                If those witnesses wouldn't come in here, I'd give

2    them court process to force them to come in here, and the

3    corporation could develop a variety of different ways to

4    defend against the case.

5                You understand that?

6                MR. PASTORE:  Yes, I understand.

7                THE COURT:  Now, has there been a full discussion

8    within the corporation about giving up these Constitutional

9    rights that you have?

10               MR. PASTORE:  Yes, there has.

11               THE COURT:  And is there a corporate resolution?

12               MR. PASTORE:  Yes, there is.

13               THE COURT:  Do you have a copy of the resolution?

14               MR. CONNOLLY:  Yes, I do, Your Honor.

15               THE COURT:  Okay.

16               If you could pass it up.

17                              -  -  -

18               (Handed to the Clerk.)

19                              -  -  -

20               (Handed to The Court.)

21                              -  -  -

22                            (Pause.)

23                              -  -  -

24               THE COURT:  Now, one of the things I have to

25    satisfy myself about is that there is sufficient evidence from

1    which a finder-of-fact could find you guilty of the offenses

2    charged, and the offenses charged to which I gather you're

3    prepared to plead guilty is first to Count 1, which is the

4    charge of Making False Statements in Connection With a Highway

5    Project.

6            The Government alleges that, on or about

7    January 2, 2003, through March 21, 2003, the corporation made

8    a false Certificate of Substantial Completion and Beneficial

9    Occupancy, with respect to certain contract, arising out of

10   the Central Artery Tunnel Program.

11           Do you understand that's what the Government

12   charges you with?

13           MR. PASTORE:  Yes, I do.

14           THE COURT:  And the Government has to prove, as

15   they allege in Count 24, that the corporation knowingly and

16   unlawfully, made false statements, false representations,

17   false reports, false claims, with respect to the character,

18   quality, and quantity of work performed, in connection with

19   the construction of the highway project.

20           This is a highway project under the

21   Federal Highway Program, approved by the

22   Secretary of Transportation, and that the defendant, the

23   corporation, did execute documents that are set forth here,

24   knowing that those documents were false and misleading, and

25   that's the Certificate of Beneficial Occupancy, with respect

1  to Contract C17A1.

2          Do you understand that's what the Government

3  charges here?

4          MR. PASTORE:  Yes, I do.

5          THE COURT:  Has the corporation had an adequate

6  opportunity to discuss with its counsel the elements of the

7  offense and the charges and the defenses that may be provided

8  for that charge?

9          MR. PASTORE:  Yes, we have.

10         THE COURT:  And you believe that you're in a

11  position to plead guilty to that charge?

12         MR. PASTORE:  Yes, sir.

13         THE COURT:  Now, with respect to Counts 7 through

14  Count 44, those are a series of charges of

15  Making False Statements in Connection With Highway Projects,

16  in respect to the overbilling of Apprentice hours here, and

17  there is set forth a series of Apprentices falsely billed as

18  Journeymen, in connection with this series of projects that

19  are identified in the Indictment.

20         Here, again, the Government has to prove that the

21  corporation knowingly and unlawfully made false statements,

22  false representations, false reports, and false claims, with

23  respect to the character, quality, and quantity of the work

24  provided, particularly focused on the question of whether or

25  not someone who is actually an Apprentice is billed at the

1    level of Journeyman, and this is with respect to various

2    contracts arising out of the Central Artery Tunnel Program.

3              Do you understand that?

4              MR. PASTORE:  Yes, I do.

5              THE COURT:  Now, I should understand from the

6    Government what the penalties will be for these several

7    Counts.

8              MR. FULLER:  Your Honor, each Count carries with it

9    a maximum of $500,000 fine, a term of probation of five years,

10   and a special assessment of $400.

11             The Court is also obviously authorized to order

12   payment of restitution, as well.

13             Those are the penalties, Your Honor.

14             THE COURT:  Okay.

15             So you understand what you're potentially facing

16   here?

17             You could be facing, what is it?

18             MR. FULLER:  19.5.

19             THE COURT:  38 or 39?

20             MR. FULLER:  39.

21             THE COURT:  Counts.

22             MR. FULLER:  Times 500 is $19.5 million.

23             THE COURT:  In fines, and restitution of the moneys

24   that were paid over to the corporation, in connection with

25   this, each of those, submissions, and, in addition, there's a

1   $400 special assessment for all of that, and there's a

2   five-year period of probation with the corporation.

3           Do you understand that's what the corporation is

4   facing --

5           MR. PASTORE:  Yes, I do.

6           THE COURT:   -- under the circumstances?

7           Alright.

8           Now, I have to satisfy myself, as I indicated, that

9   the Government has sufficient evidence from which a

10  finder-of-fact could find you guilty, the corporation guilty,

11  of the offenses that are charged, and, so, I'm going to ask

12  Mr. Fuller to tell us what the evidence would be.

13          MR. FULLER:  Your Honor, the Government's evidence

14  at trial would be, as follows:  With respect to Count 1, the

15  Government has charged a False Statement in Connection With

16  the Certificate of Beneficial -- excuse me -- of Substantial

17  Completion, C17A1.

18          The proof, Your Honor, would be, as The Court is

19  aware, through a collective knowledge theory of the case.

20          The Government's witnesses would include

21  Labor Foremen, Superintendent, and a Quality Control Manager

22  for Modern Continental, Contract C17A1.

23          Those individuals had knowledge of construction

24  defects during the construction of Panel EO45.

25          They were aware that a re-bar cage was cut, which

1   was not in accordance with the specifications, that one

2   concrete tremie pipe was used, as opposed to two, in pouring

3   the panel, and, in addition, that the slurry itself was out of

4   specification.

5          Now, all of these individuals, the Government

6   alleges, were aware of those facts.

7          They would be our witnesses, these Modern

8   individuals, working for the company.

9          Subsequently, an individual for Modern Continental

10  signed the Certificate of Substantial Completion, indicating

11  that, in fact, the panel had been constructed, in accordance

12  with the specifications; that being, a false statement, based

13  on the knowledge of the individuals that we would present at

14  trial.

15         Additionally, the Government would prove that each

16  of the contracts at issue were approved by the

17  Secretary of Transportation.

18         Now, with respect to Count 7 through 44, the

19  TNM Overbilling Counts, as it were, the Government's proof

20  would consist of testimony from, again, Cost Engineers,

21  Superintendents, and my informant on the contracts divulged in

22  those Counts.

23         The Government would show that Modern Continental,

24  as a matter of course, failed to properly bill Apprentices at

25  the actual rate.

1          The contracts required them to bill at their actual

2    costs.

3          They would bill the Apprentices through their

4    computer program as Journeymen, but, yet, paid them as

5    Apprentices, resulting in overbilling, as alleged in the

6    Indictment -- excuse me -- in the Information.

7          So, as to each of those Counts, there is a

8    Time and Materials slip which falsely states the cost of the

9    work and a claim package for each of those.

10          Those are the false statements that the Government

11    would put into evidence, in addition to the testimony of the

12    individuals involved, to show that those were knowing false

13    statements, in connection with the highway projects, as

14    alleged.

15          THE COURT:  So the record is clear, when they're

16    talking about the Contract C17A1, you're talking about an

17    identified defect and leak in the slurry wall; is that right?

18          MR. FULLER:  Panel EO45, Your Honor, the

19    construction defects, that the defendant was aware of at the

20    time of construction and prior to the execution of the

21    document, yes.

22          THE COURT:  So, Mr. Pastore, you've heard what the

23    Government tells me briefly the evidence would be, in this

24    case, if it goes to trial.

25          Do you dispute it?

1          MR. CONNOLLY:  Your Honor, may we have a brief

2    moment?

3          THE COURT:  Yes.

4          (Mr. Connolly conferred with Defense counsel and

5    Mr. Pastore.)

6          MR. CONNOLLY:  Your Honor, may we respectfully

7    request the Government to make a clarification, in regard to

8    Counts 7 through 44.

9          I noted that Mr. Fuller stated, in regard to

10   Count 1, that it was -- that the Government's evidence

11   pertained only to the knowledge of Labor Foremen,

12   Superintendents, and Q. C. Managers.

13         We understand that the Government -- the

14   Government's evidence, as to the Apprentice Billing Counts,

15   7 through 44, would pertain only to the knowledge of

16   Cost Engineers, Superintendents, and Labor Foremen.

17         We would request that be part of the record in this

18   case.

19         THE COURT:  Is that the case, Mr. Fuller?

20         MR. FULLER:  Your Honor, yes.

21         The Government's proof would be through those --

22   that level of personnel, within Modern Continental.

23         THE COURT:  Okay.

24         You understand that that's what the Government

25   undertakes to prove, but you understand the corporation's

1 responsible for those people.

2     Under the law, in the First Circuit, so-called,

3 Bank of New England case, there's a collective knowledge, and,

4 so, a corporation is bound by the knowledge of those

5 individuals who themselves have knowledge of this false

6 statement.

7     You understand that?

8     MR. PASTORE:  Yes, I do.

9     THE COURT:  Okay.

10     You understand that, by pleading guilty, you're not

11 going to have any trial in this case.

12     What you're doing is leaving to me the question of

13 what the sentence is going to be.

14     I started this by asking whether or not there is a

15 Plea Agreement.

16     Is there any Plea Agreement in this case?

17     MR. PASTORE:  Yes, there is.

18     THE COURT:  What is it.

19     (Mr. Connolly conferred with Mr. Pastore.)

20     THE WITNESS:  Can I correct that?

21     THE COURT:  Sure.

22     MR. PASTORE:  There's no Plea Agreement, but we

23 have agreed to plead guilty.

24     THE COURT:  Right.

25     And the Government's agreed to drop certain

1  charges, in connection with this case; is that right?

2          MR. PASTORE:  Yes.

3          THE COURT:  That's the entirety of the

4  Plea Agreement, understanding, with respect to your plea?

5          MR. PASTORE:  Yes.

6          THE COURT:  Did anybody threaten you, in any way,

7  to get you to plead guilty?

8          MR. PASTORE:  No.

9          THE COURT:  Did anybody promise you something,

10  other than what we've discussed here today, to get you to

11  plead guilty?

12          MR. PASTORE:  No.

13          THE COURT:  By pleading guilty, you leave it to me

14  to make the determination of what the proper sentence should

15  be within the maximums that are involved here.

16          That means, you don't have a trial.  You don't have

17  a jury deciding this case.

18          You have me making the determination, with respect

19  to the sentence.

20          Do you understand that?

21          MR. PASTORE:  Yes, I do.

22          THE COURT:  Okay.

23          Mr. Fuller, do you know of any reason I shouldn't

24  accept the plea?

25          MR. FULLER:  No, Your Honor.

1          THE COURT:  Mr. Connolly, do you know of any

2    reason?

3          MR. CONNOLLY:  No, Your Honor.

4          THE COURT:  Okay.

5          So I'm going to ask Mr. Lovett to inquire of

6    Mr. Pastore, on behalf of the corporation.

7          THE DEPUTY CLERK:  John Pastore, on behalf of

8    Modern Continental Corporation, on Criminal Action 08-10183,

9    you were charged in Count 1 of the Information with

10   Making False Statements in Connection With Highway Projects,

11   in violation of Title 18, United States Code 1020.

12         You are also charged in Counts 7 through 44 of the

13   Information with Making False Statements in Connection With

14   Highway Projects, in violation of Title 18,

15   United States Code 1020.

16         What say you, as to Count 1, guilty or not guilty?

17         (Mr. Connolly conferred with Mr. Pastore.)

18         MR. PASTORE:  On behalf of the corporation, guilty.

19         THE DEPUTY CLERK:  And what say you, as to Count 7

20   through 44, guilty or not guilty?

21         MR. PASTORE:  On behalf of the corporation, we

22   plead guilty.

23         THE COURT:  You may be seated.

24         Based on the discussion we had this morning, I'm

25   satisfied that the decision of the corporation to plead guilty

1   is a knowing and a voluntary act, and it's supported by

2   substantial evidence upon which a finder-of-fact could find

3   the corporation guilty of the Counts to which you pled.

4              As a consequence, the corporation is now adjudged

5   guilty, and the next formal event in This Court is sentencing.

6              Sentencing will take place on August 11, at

7   2:00 p.m.

8              What's going to happen is:  The Probation Office of

9   This Court will prepare a Presentence Report.

10             It's a document I rely on very heavily, in making

11  my own judgment about what the proper sentence should be.

12             It is very much in the best interest of the

13  corporation; in fact, it's an obligation of the corporation,

14  to cooperate fully with the Probation Office.

15             You can bring to their attention things you think I

16  should know.

17             You'll get a chance to see the Presentence Report

18  in its draft form.

19             If you're not satisfied with the draft, you can ask

20  the Probation Office to make changes or corrections.

21             If they don't make the changes or corrections to

22  your satisfaction, you can bring the matter up to me at the

23  time of sentencing, and, at the time of sentencing,

24  representatives of the corporation will be able to offer their

25  views in open court, with respect to the proper sentence to be

1    imposed.

2         Is there anything else we need to take up, at this

3    point?

4         MR. FULLER:  No, Your Honor.

5         Thank you very much.

6         THE COURT:  Is there anything else?

7         MR. CONNOLLY:  No, Your Honor.

8         THE COURT:  Alright.

9         We'll be in recess.

10        THE DEPUTY CLERK:  All rise.

11                        -  -  -

12        (The proceedings were concluded.)

13                        -  -  -

14

15

16

17

18

19

20

21

22

23

24

25

<u>I N D E X</u>

<u>PAGE</u>

Hearing                                              4

- - -

I N D E X
(CONTINUED)

E X H I B I T S

(NO EXHIBITS WERE MARKED.)

- - -

# C E R T I F I C A T I O N

I, DIANE M. MOLAS, a Registered Professional Reporter (RPR), a Certified Shorthand Reporter (CSR) in the States of Delaware and Massachusetts, a Certified Court Reporter (CCR) in the State of New Jersey, and a Notary Public in the Commonwealth of Pennsylvania, do hereby certify that the foregoing is a true and accurate transcript of the proceedings reported by me, on May 8, 2009, and that I am neither counsel, nor kin, to any party or participant in said action, nor am I interested in the outcome thereof.

/s/Diane M. Molas _____
Diane M. Molas, RPR, DE & MA CSRs, and NJ CCR
DE Certification Number 208-RPR
MA Certification Number 149208
NJ Certification Number 30XI00228400
7/23/09

-   -   -

*(The foregoing certification of this transcript does not apply to any reproduction of the same by any means, unless under the DIRECT CONTROL AND/OR SUPERVISION of the Certifying Court Reporter herself.  THE COURT REPORTER'S CERTIFICATION NEVER APPEARS AS A PHOTOCOPIED SIGNATURE.)*

-   -   -